IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STACEY FRIEDMAN<br>180 Red Bluff Lane Apt. C<br>Westerville, Ohio 43082<br><br>    Plaintiff,<br><br>v.<br><br>Mount Carmel Health System<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43210<br><br>    Defendant. | :<br>:<br>:<br>: Case No.<br>:<br>:<br>: Judge<br>:<br>: Magistrate<br>:<br>:<br>:<br>:<br>: Trial by Jury Demanded<br>: |

## COMPLAINT

Now comes Plaintiff Stacey Friedman (hereafter "Plaintiff" or "Friedman"), by and through undersigned counsel, and for her Complaint against Defendant Mount Carmel Health System (hereafter referred to as "Defendant") does state and aver as follows:

PARTIES

1. Plaintiff Stacey Friedman is a resident of the State of Ohio, County of Delaware.

2. Mount Carmel Health System is a not-for-profit corporation formed under the laws of the state of Ohio whose principal place of business is Franklin County, Ohio.

JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 29 USCS §§2611 et seq. and 28 USC Section 1331. Supplemental Jurisdiction is invoked pursuant to 28 USC §1367.

3. The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

4. At all relevant times hereto, Plaintiff worked for Defendant in Franklin County, Ohio

{00226729-4}

which is the county in which the Defendant's conducted the activity that gave rise to Plaintiff's claim for relief, and the county in which all or part of Plaintiff's claim arose.

5. At all times pertinent hereto, Defendant was an "Employer" within the meaning of Title VII of the Civil Rights Act of 1964 as amended, 42 USC Section 2000e(d) as well as Title 4112 of the Ohio Revised Code.

FACTUAL ALLEGATIONS

6. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 5 above as if fully rewritten herein.

7. Plaintiff is a 49 year-old Caucasian female who sought leave under the Family Medical Leave Act just a couple weeks before her termination.

8. Plaintiff was employed on April 17, 2017 at the Director of Quality and HEDIS by Defendant at 6150 E. Broad Street, Columbus, Ohio 43123.

9. The director of Quality and HEDIS who preceded Friedman was responsible for management of the CMS process as part of the role. The previous Director had performed so poorly that Mount Carmel had lost its 4-star CMS ranking. Just six months into her position, in July of 2018, Friedman received a review indicating that she *fully meets* expectations.

10. After Friedman became employed as Director of Quality and HEDIS, she was able to rebuild the CMS process and achieved a 4-star CMS ranking for Mount Carmel.

11. Friedman received notice of the 4-star ranking along with a congratulatory email on October 18, 2018. Further, Friedman received a bonus of $13,947.67.

12. At or around the same date, Friedman received a letter from her supervisor providing notice that she received a merit increase for the remainder of the 2018-2019 calendar year. Her Supervisor stated,

{00226729-4}

> **We want to personally thank you for your unrelenting dedication to provide high quality, people-centered care for our patients and communities. As our most important resource we want to acknowledge your efforts to go above and beyond to achieve our organizational goals**

13. A few weeks prior to receiving notice of her 4-star ranking as well as her raise, Plaintiff became aware that she was going to have to knee surgery. Plaintiff inquired regarding Family Medical Act leave as well as Short Term Disability leave beginning on November 20, 2018 through December 3, 2018.

14. On September 28, 2018, just a few weeks before she received her bonus and raise, Friedman directly informed her supervisor that she will be taking leave for surgery.

15. On November 6, 2018, just two weeks before she is to take leave for knee surgery and just two weeks after receiving her bonus and her raise, Defendant fired Plaintiff.

## FIRST CAUSE OF ACTION – Title 4112 Discrimination Based Upon Disability

16. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 15 above as if fully rewritten herein.

17. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of her disability. Plaintiff, as set forth above has had an ongoing problem with her knee which has made it difficult at times for her to walk. Her physical impairment associated with her knee reached such an acute level, that Friedman needed surgery in November 2018 and she informed Defendant and her supervisor Philippi of the same. Defendant terminated Plaintiff for pre-textual reasons because of her disability, all in violation of Title 4112. A non-disabled individual was hired to replace Plaintiff.

{00226729-4}

18. By terminating Plaintiff, and otherwise discriminating against her on the basis of her disability. , Defendant committed unlawful employment practices within the meaning of Title 4112.

19. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which she was unlawfully terminated. Furthermore, the reasons provided by the Defendant Plaintiff's termination are not believable nor is there any performance issue as alleged.

20. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

21. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**SECOND CAUSE OF ACTION - Title 4112 Discrimination Based Upon Age**

22. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 21 above as if fully rewritten herein.

23. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of her age. Defendant terminated Plaintiff for pre-textual reasons because of her age, all in violation of Section 4112.02(a) of the Ohio Revised Code for which Defendant is liable pursuant to Section 4112.99 of the Ohio Revised Code.

24. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which she was unlawfully terminated. Plaintiff was replaced by an individual who is substantially younger that Plaintiff and/or outside of the protected class.

25. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

26. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

### THIRD CAUSE OF ACTION – FMLA RETALIATION

27. Plaintiff hereby incorporates his allegations set forth in Paragraphs 1 through 26 above as if fully rewritten herein.

28. At the time of Plaintiff's termination Plaintiff was qualified and/or eligible to receive FMLA.

29. Defendant is an employer as defined by 29 U.S.C.S.§2611(4)(A)

30. At the time of Plaintiff's termination, Plaintiff was entitled to FMLA.

31. Plaintiff gave her employer as well has her Supervisor proper notice of her need to use of FMLA.

32. Similarly situated employees who did not use FMLA were not terminated by Defendant.

33. Plaintiff was terminated due to her use of FMLA.

34. Defendant, by terminating Plaintiff, retaliated against Plaintiff for seeking FMLA leave and/or attempted enforcement of FMLA rights to which she was entitled.

35. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has

{00226729-4}

suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**FOURTH CAUSE OF ACTOIN – DISABILITY DISCRIMINATION (ADHD)**

36. Plaintiff hereby incorporates her allegations set forth in paragraphs 1 through 35 above as if fully rewritten herein.

37. Plaintiff had been previously diagnosed with ADHD. **ADHD** stands for attention deficit hyperactivity disorder. It is a medical condition. A person with **ADHD** has differences in brain development and brain activity that affect attention, the ability to sit still, and self-control. Plaintiff was thus substantially limited in major life activities such as brain development, activity and self-control.

38. Plaintiff made her supervisor Philippi and Human Resources aware of her disability and requested an accommodation. The accommodation request was for a leadership / career coach specific to individuals with ADHD. It was determined that Mount Carmel did not have the resources on staff to accommodate and suggested that Plaintiff seek services outside of Mt. Carmel. Human Resources provide Plaintiff with the name of an ADHD coach.

39. Plaintiff contacted the coach and inquired about services. Plaintiff was told her fees were $650.00 per month. Plaintiff presented the idea to Phillipi and Defendant CEO Michael Demand. Phillipi informed Plaintiff that Phillipi and Demand found her leadership and skills valuable and wanted to help build her skill set for the future so Defendant would pay for the classes.

40. Philippi admitted to Plaintiff just a few weeks before her termination at that her attention and focus were much improved.

{00226729-4}

41. Plaintiff was terminated just weeks into her classes, after much improvement in focus; after receiving a raise and bonus all resulting from her disability, ADHD.

42. Plaintiff was replaced by an individual without a disability. Further, Defendant's reasons for termination Plaintiff were not legitimate. Plaintiff was never placed on a performance improvement plan nor was she provided with any verbal or written warnings regarding her performance.

43. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**WHEREFORE,** Plaintiff Stacey Friedman prays for judgment against Defendant Mount Carmel Health System, on all counts for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**
By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorneys for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

{00226729-4}

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorneys for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

{00226729-4}