# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STACEY FRIEDMAN, | ) CASE NO. 2:19-CV-00085 |
| | ) |
| Plaintiff, | ) JUDGE MICHAEL H. WATSON |
| | ) |
| v. | ) MAGISTRATE JUDGE ELIZABETH |
| | ) PRESTON DEAVERS |
| MOUNT CARMEL HEALTH SYSTEM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT MOUNT CARMEL HEALTH SYSTEM'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Mount Carmel Health System ("Defendant") hereby submits its Answer and Defenses to Plaintiff Stacey Friedman's ("Plaintiff") Complaint, averring, admitting and denying as follows:

### Parties

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the allegations.

2. Defendant avers that Mount Carmel Health System is an Ohio non-profit corporation with an office located at 6001 East Broad Street, Columbus, Franklin County, Ohio. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

### Jurisdiction and Venue

2. Defendant avers that Paragraph 2 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant avers that Plaintiff worked at Defendant's office located at 6001 East Broad Street, Columbus, Franklin County, Ohio. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant avers that Paragraph 5 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 5 of the Complaint.

Factual Allegations

6. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

7. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the allegations.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant avers that some of the job duties for the Director of Quality and HEDIS, who was employed before Plaintiff, included responsibilities related to compliance with Centers for Medicare and Medicaid Services standards. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant avers that Plaintiff received a bonus of $13,947.67 in October 2018. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 11 of the Complaint and, therefore, denies the allegations.

12. Defendant avers that Defendant sent Plaintiff the same letter it sends other employees regarding compensation information. Defendants further aver that the letter speaks for itself. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the allegations.

14. Defendant avers that Plaintiff discussed potential surgery for her knee with Karen Phillippi. Defendant deny the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant avers that Plaintiff's employment with Defendant was terminated on November 6, 2018. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

FIRST CAUSE OF ACTION – Title 4112 Discrimination Based Upon Disability

16. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

17. Defendant avers that Plaintiff discussed potential surgery for her knee with Karen Phillippi. Defendant deny the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21 of the Complaint and, therefore, denies the allegations.

SECOND CAUSE OF ACTION – Title 4112 Discrimination Based Upon Age

22. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and, therefore, denies the allegations.

THIRD CAUSE OF ACTION – FMLA RETALIATION

27. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

28. Defendant avers that Paragraph 28 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 28 of the Complaint.

29. Defendant avers that Paragraph 29 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and, therefore, denies the allegations.

FOURTH CAUSE OF ACTION – DISABILITY DISCRIMINATION (ADHD)

36. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

37. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies the allegations.

38. Defendant avers that Karen Phillippi and Plaintiff discussed Plaintiff's ADHD and Defendant paid for a professional coach for Plaintiff. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant avers that Karen Phillippi and Plaintiff discussed a professional coach for Plaintiff and that Defendant paid for the professional coach for Plaintiff. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant avers that it is unaware of whether the employee who performs Plaintiff's prior duties has a disability. Defendant further avers that Plaintiff was provided with feedback that she needed to improve her performance. Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and, therefore, denies the allegations.

44. Defendant denies the unnumbered paragraph following Paragraph 43 of the Complaint.

45. Defendant denies each and every allegation in the Complaint not specifically admitted herein to be true.

46. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

**FIRST DEFENSE**

47. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

48. Defendant had a good faith, reasonable belief that its actions were taken for legitimate, non-discriminatory and non-retaliatory reasons.

## THIRD DEFENSE

49. Plaintiff failed to mitigate her damages, if any.

## FOURTH DEFENSE

50. Plaintiff's Complaint fails to state a claim for which compensatory and/or punitive damages and/or attorneys' fees or expenses may be granted.

## FIFTH DEFENSE

51. Plaintiff was never approved for leave under the Family and Medical Leave Act.

## SIXTH DEFENSE

52. Plaintiff failed to engage in the interactive process required by the Americans with Disabilities Act, as amended.

## SEVENTH DEFENSE

53. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not identified any reasonable accommodation that Plaintiff was entitled to and/or denied.

**EIGHTH DEFENSE**

54. Defendants reserve the right to add additional affirmative defenses that come to light during discovery.

WHEREFORE, Defendant, having responded to the allegations in Plaintiff's Complaint, hereby demands judgment in its favor, that this case be dismissed with prejudice and that Defendant recover its attorneys' fees and costs herein expended and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ M.J. Asensio
M. J. Asensio (0030777), Trial Attorney
Samuel E. Endicott (0094026)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone: (614) 228-1541
masensio@bakerlaw.com
sendicott@bakerlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff's counsel.

/s/ M.J. Asensio
*An Attorney for Defendant Mount Carmel Health System*